BARFIELD, Judge.
Franklin Jones appeals his sentence on the ground that the trial court erroneously considered prior convictions from 1949 and 1962 in determining the recommended sentence under Rule 3.701, Fla.R.Crim.P. We affirm.
Franklin Jones, a sixty-seven-year-old man with a criminal history dating back to at least 1949, pled nolo contendere to a charge of lewd and lascivious assault on a child under fourteen years of age. Because the offense occurred in March of 1984, he was sentenced under Rule 3.701.
A presentence investigation report revealed prior convictions from 1949 (rape/sodomy), 1962 (two counts of uttering a forged instrument), and 1976 (theft). The defendant moved to correct the sentencing scoresheet, contending that the 1949 and 1962 convictions should not have been scored, relying upon Rule 3.701(d)(5)(b), and the associated Committee Note. Without these offenses, the recommended sentence would have been any non-state prison sanction; consideration of these prior offenses resulted in a recommended sentence of seven to nine years incarceration.
The defendant’s argument, that the “passage of time” between the two prior convictions and defendant’s minor theft conviction in 1976 should operate under the rules so as to preclude the scoring of any conviction other than the 1976 theft offense, is without merit. A plain reading of Rule 3.701(d)(5)(b) requires consideration of an offender’s entire prior record unless it is conviction free “for a period of ten consecutive years from the most recent date of release from confinement, supervision or sanction, whichever is later, to the date of the instant offense.” Each conviction-free interval of ten years and a day does not wipe the slate clean so that an offender may commence a new course of criminal conduct. The passage of time provision wipes the slate clean for the instant offense only if more than ten years has elapsed since the offender was last in trouble.
AFFIRMED.
ERVIN, C.J., and WENTWORTH, J., concur.